UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRASER ROTCHFORD,<br><br>                       Plaintiff,<br><br>    v.<br><br>STEVEN JEWITT, *et al.*,<br><br>                       Defendants. | CASE NO. C19-41-JCC-JPD<br><br>ORDER STRIKING ADDENDUM AND GRANTING LEAVE TO AMEND |

      Plaintiff Fraser Rotchford is incarcerated at the Jefferson County Jail in Hadlock, Washington. Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 4-1. Plaintiff alleges that during a prior confinement at the Monroe Correctional Complex, he was administered anti-psychotic treatment by a panel of medical staff against his wishes and despite the fact that it had unpleasant side effects, including what plaintiff refers to as "homicidality." Dkt. 4-1. Plaintiff names the following defendants in the caption and "parties" section of his proposed complaint: Dr. Steven Jewitt, Dr. Mira Narkiewicsz, Dr. Marlinda Praden, Officer Chrissy, Ms. Kennedy, Ms. Doyle, an unknown "male psychologist with red hair and blue eyes," and the "chair of and all others present at hearing" on December 18, 2018 at 10:00p.m. Dkt. 4-1 at 1.

ORDER STRIKING ADDENDUM
AND GRANTING LEAVE TO AMEND - 1

On January 30, 2019, the Court declined to serve plaintiff's complaint because it failed to allege clear and specific facts demonstrating that each named defendant personally participated in causing him harm of federal constitutional dimension. Dkt. 7. The Court granted plaintiff thirty (30) days to file an amended complaint to cure the noted deficiencies. *Id.* On February 21, 2019, plaintiff filed an addendum to his complaint. Dkt. 8.

The Court, having carefully reviewed plaintiff's addendum, hereby finds and ORDERS as follows:

(1) Plaintiff's addendum is insufficient to serve as an amended complaint in this matter. Specifically, the addendum fails to allege clear and specific facts demonstrating that each named defendant personally participated in causing him harm of federal constitutional. If plaintiff wishes to pursue his claim against defendants, he must present specific facts establishing how each defendant was deliberately indifferent to his serious medical need. **Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading.** *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, any amended complaint must clearly identify the defendant(s), the constitutional claim(s) asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested.

(2) Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be

sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show "deliberate indifference" to his "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted). "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment" *Id.* (internal quotation marks and citation omitted).

(3) Plaintiff may file an amended complaint within **thirty (30) days** of the date on which this Order is signed. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, the Court will recommend the dismissal of this action.

(4) The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable John C. Coughenour.

DATED this 28th day of February, 2019.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER STRIKING ADDENDUM
AND GRANTING LEAVE TO AMEND - 4