THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRASER ROTCHFORD,

          Plaintiff,

    v.

STEVEN JEWITT, *et al.,*

          Defendants.

CASE NO. C19-0041-JCC

ORDER

This matter comes before the Court on Plaintiff Fraser Rotchford's objections (Dkt. No. 15) to United States Magistrate Judge Michelle L. Peterson's report and recommendation (Dkt. No. 14). Having thoroughly considered the report and recommendation, the objections, and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Plaintiff's objections and ADOPTS Judge Peterson's report and recommendation for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff is incarcerated at Clallam County Jail in Port Angeles, Washington. (Dkt. No. 11.) Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a proposed civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 4-1.) In his complaint, Plaintiff alleges that during a prior confinement at the Monroe Correctional Complex, he was administered anti-psychotic treatment by a panel of medical staff against his wishes and despite his suffering from unpleasant

ORDER
C19-0041-JCC
PAGE - 1

side effects, including what Plaintiff refers to as "homicidality." (*Id.*) Plaintiff names the following Defendants in his proposed complaint: Dr. Steven Jewitt, Dr. Mira Narkiewicsz, Dr. Marlinda Praden, Officer Chrissy, Ms. Kennedy, Ms. Doyle, an unknown "male psychologist with red hair and blue eyes," and the "chair of and all others present at hearing" held on December 18, 2018 at 10:00 p.m. (*Id.* at 1.)

On January 30, 2019, U.S. Magistrate Judge James P. Donohue declined to serve Plaintiff's proposed complaint because it did not allege clear and specific facts that demonstrated how each named Defendant caused Plaintiff harm of a federal constitutional dimension. (Dkt. No. 7.) Judge Donohue granted Plaintiff leave to amend his complaint within 30 days. (*Id.*) On February 15, 2019, Plaintiff filed an addendum to his complaint. (Dkt. No. 8.) Judge Donohue struck the addendum, finding it was insufficient to serve as an amended complaint, and granted Plaintiff an additional 30 days to file an amended complaint. (Dkt. No. 9.) On March 1, 2019, the case was reassigned from Judge Donohue to Judge Peterson. (Dkt. No. 10.)

Plaintiff subsequently requested an extension of time to file an amended complaint and alerted Judge Peterson of his transfer from Jefferson County Jail to Clallam County Jail. (Dkt. No. 11.) Judge Peterson granted the motion and ordered Plaintiff to file an amended complaint no later than April 29, 2019. (Dkt. No. 12.) Plaintiff did not file an amended complaint. Accordingly, on May 9, 2019, Judge Peterson issued a report and recommendation recommending that the Plaintiff's claims be dismissed without prejudice for failure to prosecute. (Dkt. No. 14.) Plaintiff filed objections to the report and recommendation on May 30, 2019. (Dkt. No. 15.)

## II. DISCUSSION

"A party must file and serve any objections to a magistrate judge's recommended disposition within 14 days after being served unless the court enlarges the time period in a specific case." W.D. Wash. Local Civ. R. 72(b). If a party files objections, the district court "shall make a de novo determination of those portions of the report . . . or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1)(C). Furthermore, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

The Court has reviewed *de novo* Judge Peterson's report and recommendation, Plaintiff's objections, and the relevant record. For the reasons stated on the record (Dkt. Nos. 7, 9), the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Furthermore, Plaintiff's objections are unresponsive to Judge Peterson's report and recommendation. (*See* Dkt. Nos. 14, 15.) Plaintiff elaborates on the alleged harm he suffered, but does not address Judge Peterson's conclusion that he failed to prosecute his claim. Judge Peterson ordered Plaintiff to file an amended complaint and he failed to do so. Plaintiff's objections do not amount to an amended complaint or explain why he has not filed an amended complaint. Therefore, dismissal for failure to prosecute is appropriate. *See* Fed. R. Civ. P. 41(a)(2).

### III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections (Dkt. No. 15) and ADOPTS Judge Peterson's report and recommendation. (Dkt. No. 14.) Plaintiff's claims are DISMISSED without prejudice. The Clerk is DIRECTED to send copies of this order to Plaintiff and to Judge Peterson.

DATED this 18th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE